UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHLOEE HOLDEN | CIVIL ACTION |
| VERSUS | 20-2143<br>c/w 21-767 |
| ALEJANDROS PERKINS,<br>ET AL. | SECTION: "J" (4)<br><br>Applies to: 20-2143 |

## ORDER & REASONS

Before the Court is a *Motion for Judgment on the Pleadings* **(Rec. Doc. 26)** filed by Defendants Alejandros Perkins, John L. Crain, James Smoot, Jay Artigues, and Justin Bice. The motion is opposed by Plaintiff Chloee Holden (Rec. Doc. 28), and Defendants filed a reply (Rec. Doc. 32). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This is the third Rule 12 motion before the Court in this litigation, which arises from Plaintiff's removal from the Southeastern Louisiana University (SLU) volleyball team and the related decision not to renew her athletic scholarship. *See Holden v. Perkins*, 398 F. Supp. 3d 16, 20 (E.D. La. 2019).

On November 7, 2018, Plaintiff filed suit against Defendants in state court. Defendants removed the suit to federal court and moved for dismissal of Plaintiff's federal claims under Rule 12(b)(6). The Court granted Defendants' motion to dismiss

Plaintiff's due process and equal protection claims and remanded the remaining claims to state court. *Id.* at 26. The state court ordered Plaintiff to amend her complaint to cure deficiencies. The amended complaint re-alleged Plaintiff's due process and equal protections claims, which once again made the case removable. Defendants subsequently removed the case to this Court, and Plaintiff amended her complaint to allege that the Court has diversity jurisdiction under 28 U.S.C. § 1332.[1] The Court then granted Defendants' motion to dismiss Plaintiff's due process, equal protection, intentional and negligent infliction of emotional distress, and abuse of rights claims.[2] Defendants now move for judgment on the pleadings on Plaintiff's remaining claims for negligence and breach of contract.

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a motion

---

[1] (Rec. Doc. 9).
[2] (Rec. Doc. 19). The Court clarifies that this prior order dismissed the due process and equal protection claims against all of the named Defendants in their official and individual capacities.

2

under Rule 12(c), the Court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Id.* While the Court must accept the factual allegations in the pleadings as true, the "plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Plaintiff first contends that Defendants' introduction of her scholarship agreement, her renewal agreement, and the NCAA bylaws is improper because these documents were not attached to the pleadings or incorporated by reference and therefore cannot be properly considered without converting the instant motion to a motion for summary judgment. Second, Plaintiff asserts that Artigues's signature on the scholarship agreement and renewal contracts creates a genuine issue of material

fact as to whether he was personally obligated under the contracts or otherwise had an unspecified duty that he somehow breached. These arguments are meritless.

"Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Plaintiff alleges that Defendants breached the "Grant-In-Aid Offer" and violated NCAA Bylaws 15.3.7 and 15.3.2.4 by deciding not to renew her scholarship without holding a hearing and giving her a chance to appear.[3] The documents Defendants seek to introduce are Plaintiff's 2016-2017 Grant-In-Aid Offer,[4] her 2017-2018 Grant-In-Aid Offer,[5] and a copy of NCAA Bylaw 15.3.[6] Accordingly, these documents may be properly considered because they are referred to in Plaintiff's petition and central to her claims.

Turning to Plaintiff's breach of contract claim, the Court finds that this claim fails because Plaintiff has not alleged that any of the named Defendants are obligors under the scholarship agreement or renewal. Plaintiff alleges that she "accepted a 'Grant-In-Aid Offer' from Southeastern Louisiana University."[7] She asserts that "in the 'Grant-In-Aid Offer' that Plaintiff accepted, which was effective August 2016 through May 2017, and renewed for August 2017 through May 2018, *SLU promised*,

---

[3] (Amended Petition for Damages, Rec. Doc. 1-2, at 3-4).
[4] (Rec. Doc. 26-2).
[5] (Rec. Doc. 26-3).
[6] (Rec. Doc. 26-4).
[7] (Rec. Doc. 1-2, at 1).

4

in exchange for Plaintiff's participation in the women's volleyball program, to abide by the NCAA Bylaws, specifically 15.3.7 and/or 15.3.2.4."[8] Finally, she alleges:

> SLU, through Artigues and Bice, . . . breached its agreement to abide by NCAA Bylaws 15.3.7 and 15.3.2.4 by failing to provide Plaintiff with written notice of a hearing and even expressly denying the right to a hearing and appear. Because SLU ignored its obligation and simultaneously blatantly disregarded Plaintiffs rights under the "Grant-In-Aid Offer," SLU's breach of contract was made in bad faith.[9]

This last paragraph, at most, alleges that Defendants Artigues and Bice were agents of SLU, acting on its behalf, but does not allege that either of them were obligors under the scholarship agreement or renewal. The language of the agreements confirms that SLU is the only obligor, as the agreements refer repeatedly to "the institution" (*e.g.*, "This offer will be honored by this institution . . . ."[10]) and does not mention any of the named Defendants. Therefore, this claim will be dismissed.

Finally, the Court finds that Plaintiff has failed to state a plausible claim for negligence against the named Defendants. Contrary to Plaintiff's argument, "[w]hether a duty is owed is a question of law." *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095 (La. 3/10/06), 923 So.2d 627, 633. The only duty identified by Plaintiff that Defendants allegedly breached is a duty "to enforce the NCAA bylaws."[11] However, this is a contractual rather than delictual duty. "The nature of the breached duty determines whether the claim sounds in tort or contract. Contract damages 'flow from the breach of a special obligation contractually assumed by the obligor, whereas [tort

---

[8] *Id.* at 2 (emphasis added).
[9] *Id.* at 3.
[10] (Rec. Doc. 26-2, at 2; Rec. Doc. 26-3, at 3).
[11] (Rec. Doc. 1-2, at 8).

damages] flow from the violation of a general duty owed to all persons.'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (alteration in original) (citations omitted). The duty to enforce the NCAA bylaws is not a general duty imposed by the law on all persons but a special obligation assumed by SLU under the scholarship agreement and renewal. As explained above, Defendants are not obligors under the scholarship agreement or renewal, and therefore cannot be liable for breaching any obligations imposed by either. Because Plaintiff has not identified any statute, jurisprudence, or general principle of fault to support her claim that Defendants owed her a duty, *see Lemann*, 923 So.2d at 633, her negligence claim must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Judgment on the Pleadings* **(Rec. Doc. 26)** is **GRANTED**, and Plaintiff's breach of contract and negligence claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 30th day of April, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE